[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The court has this case on a remand from the Supreme Court to determine the issue of reasonable executor's and attorney's fees claimed by the plaintiff. Andrews v. Gorby, 237 Conn. 12.
It would be repetitive to recount the facts which led to this action such having been fully detailed in the Supreme Court decision, supra. Suffice it to say that the plaintiff, a practicing attorney in Connecticut, had prepared a will for the decedent, father of the defendant, naming himself as executor and also acting as attorney for the estate.
In a hearing on the final account of the estate, the Probate Court of Fairfield allowed an executor's fee of $28,000 disallowing a request for $45,898.31 as an executor's fee and a further request for $28,064 as an attorney's fee. Thereafter, appeals followed, first, to the Superior Court and then to the Supreme Court. The Supreme Court decided three issues, only one of which concerns this court, that being the issue of what fees, if any, are reasonable for the services rendered by the plaintiff as executor and as attorney for the estate. CT Page 1623
In its decision, the Supreme Court, at page 22, fn. 17, defined reasonable compensation in this context as "what is fair in view of the size of the estate, the responsibilities involved, the character of the work required, the special problems and difficulties met in doing the work, the results achieved, the knowledge, skill and judgment required of and used by the executors, the manner and promptitude in which the estate has been settled and the time and service required, and any other circumstances which may appear in the case and relevant and material to this determination."
The defendant introduced as an expert, Attorney Peter Wilkinson, who offered testimony relative to his experience in the field at issue. Attorney Wilkinson testified that he prepares some fifty estate plans per year, and that he has fifteen estates which he serves at any given time. He had served as executor and attorney on many estates and was a member of the National body of Trusts and Estates. Attorney Wilkinson stated that he was familiar with the probate documents of this estate and read the Superior and Supreme Court decisions involving this case. He testified that this was a simple estate involving routine documents and involving no extraordinary circumstances or difficult issues or problems. He testified further that the handling of this estate involved no more than average knowledge, skill or judgment. Using his knowledge of the time required of any reasonable competent attorney, he estimated that it should not take more than one hundred hours of executor's and attorney's time, including tax work and the services of a paralegal.
It was Attorney Wilkinson's opinion that a bill of $20,000 would be reasonable for the combined services of an executor and attorney. When pressed, it was his opinion that the sum of $10,000 plus would be a reasonable fee for the attorney's alone.
The plaintiff's only witness was himself and his claim still remained that he was entitled to an executor's fee of $45,898.31 as claimed in the probate court and an attorney's fee of $28,060. He based his claim for the stated executor's fee of $45,898.31 on a provision in a codicil to the estator's will that the executor be compensated in accordance with fees then payable for Estate Settlement service by a schedule as published by Union Trust Company, which had been named as trustee and successor executor, such fee to be calculated as a percentage of the estates valuation for Federal Estate Tax purposes. This claim was CT Page 1624 rejected by our Supreme Court, Andrews v. Gorby, supra 237 Conn. 12at Page 25. Under cross-examination he stated that he based his claim for the Attorney's fee on advice from other attorneys.
Although the defendant kept no time records he estimated that he spent some 20-30 hours per year over a period of some four years until he rendered his final account in the Probate Court. This estimate is comparable to the testimony of Attorney Wilkinson as to the reasonable time required to settle this estate.
One the claims advanced by the plaintiff justifying his request for a substantial attorney's fee apart from his services as executor involved negotiations with the I.R.S. concerning a gift of real estate which had been made prior to the testator's death. The I.R.S. Attorney, one Laura Pinto, for Federal Tax purposes had set a value of $1,000,000 on the real estate in question. The plaintiff, as attorney for the estate claimed a value at $675,000. After two visits to the I.R.S. office in Bridgeport, the plaintiff negotiated a settlement of $725,000, and, thereby claimed a major service to the estate in saving taxes on $275,000.
Under cross-examination, the plaintiff admitted that while handling this estate, he was working full-time as house counsel for a New Jersey Corporation, that most of the documents filed in the probate court were either on court forms, or, prepared by an accounting firm, Harris, Buzzeo Company of Stamford. As a matter of fact, it was a letter from I.R.S. Attorney Pinto to Mr. Buzzeo of the Accounting firm which initiated the negotiations which resulted in the claimed saving to the estate.
Other than the plaintiff himself, counsel for the plaintiff attempted to call as a witness, one, Frank S. Berall, an attorney designated as an expert on fair and reasonable charges to estates. This witness was first disclosed as an expert three days before the trial was scheduled to start, and, the disclosure stated that the expert was expected to attend trial, listen to testimony as to the natures of services rendered by Plaintiff Gordan Andrews, and give his opinion as an expert as to the fair and reasonable of value of such service to the estate and the fair and reasonable compensation for such services to the estate. Such disclosure hardly complies with the provisions of P.B. 220 (D) which require " the substance of the facts and opinions to which the expert is expected to testify and a summary of the CT Page 1625 grounds for each opinion . . . .
The defendant filed a motion to preclude the offered testimony, which the court granted. As stated in the defendant's motion to preclude, the plaintiff's disclosure statement filed suggests the expert has not even formed an opinion or even conducted a review of any material from which an opinion could be formed.
Upon the granting of the Motion to preclude, Mr. Berall, the claimed expert, left the courtroom and was not present during the plaintiff's testimony. Nevertheless, at the conclusion of the evidence, plaintiff's counsel made an offer of proof that had Mr. Berall been allowed to hear the testimony, he would have testified that a reasonable executor's fee was $45,000 and a reasonable attorney's fee was $28,000. Mr. Berall did not hear any testimony so it is painfully clear to the court that he had formed his opinion prior to the trial, and there was no reason why such could not have been disclosed to the defendant.
The plaintiff had the burden of proving the reasonableness of the compensation requested by a preponderance of the evidence.Andrew v. Gorby, 237 Conn. 12 at pg. 23. The court is unable to find, based on all the evidence that such burden has been sustained! In so finding, the court places a great deal of reliance on the testimony of the defendant's expert, Peter Wilkinson, whom the court found to be a credible and knowledgeable witness.
As heretofore noted, our Supreme Court, Andrew v. Gorby,
supra at page 22, fn. 17 outlined elements to be considered in determining reasonable compensation in the context of this case. In considering these elements, the court finds that this was a simple estate involving routine documents and no extraordinary circumstances, difficult issues or problems, and, that the handling of this estate involved, no more than average knowledge, skill or judgment. In addition, the plaintiff was able to handle this estate while being employed full time as counsel for a New Jersey corporation. The court can find little fault in Peter Wilkinson's testimony that $20,000 would constitute reasonable compensation to the plaintiff for his combined services as executor and attorney on behalf of this estate. The court does, however, feel that the plaintiff is entitled to some additional compensation for his efforts on behalf of the estate in the transaction involving the IRS claims. The court finds that based CT Page 1626 on the results achieved in the negotiations relative to the IRS claims, an additional fee of $5,000 would be reasonable.
Judgment may enter in favor of the plaintiff in the sum of $25,000 as a reasonable fee for his combined services as executor and attorney on behalf of the estate of John Stark Gorby.
Belinkie, Judge Trial Referee